UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OWNER/AGENT @DUDEOFNEWYORK (PATIENT
IN A HOSPITAL, NEW YORK COUNTY WITH
INTERNET ACCESS, NEW YORK, NY 10019)
WITHOUT CONSENT/AUTHORIZATION TO MHLS
ATTORNEY HEYMAN, PRINCIPAL ATTORNEY
(JHEYMAN@NYCOURTS.GOV)
REPRESENTATION (7.2.2024) BY ORDER OF
PATIENT IN A HOSPITAL, SELF.,

                        Plaintiff,

            -against-

THE UNIFIED COURT SYSTEM OF THE STATE OF
NEW YORK (NYCOURTS.GOV); THE STATE OF
NEW YORK (NY.GOV) RESPONSIBLE FOR
JUDICIAL BRANCH; NEW YORK STATE; U.S
GOVERNMENT (NYCOURTS.GOV);
(NYCOURTS.GOV CHIEF JUDGE OF THE STATE
OF NEW YORK (RWILSON@NYCOURTS.GOV);
1ST JD - SUPREME COURT, CIVIL BRANCH, NY
COUNTY ADMINISTRATIVE JUDGE JULY 2024
(ASILVERA@NYCOURTS.GOV); 1ST JD -
SUPREME COURT, CIVIL BRANCH, NY COUNTY
CHIEF CLERK VII (DREO@NYCOURTS.GOV),

                        Defendants.

---

24-CV-5929 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who identifies as the Dude of New York, but signs one of his submissions as

Damonte Brown, brings this action, *pro se*. By order dated July 23, 2024, the Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For

the reasons set forth below, the Court dismisses the complaint for failure to state a claim and

grants Plaintiff leave to file an amended complaint within 30 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

**BACKGROUND**

Plaintiff initiated this action by submitting a complaint form, which he titles "amended complaint," without any facts in support of any claims against the named defendants. Instead, he makes the following statement:

> The plaintiff Petitioner, Owner/Agent @dudeofnewyork (currently a patient in a hospital with internet access without the need for MHLS legal representation, New York, NY 10019, by order of the correct litigant filer in matters); has provided attachments in support of facts. See attached.[1]

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation and grammar are as in the original unless noted otherwise.

2

(ECF 1, at 5.) Plaintiff refers to an attachment, which he does not provide. Rather, he describes

what appears to be procedural events from an unspecified court matter:

> Subpoenas are addressed to within the Mount Sinai Health System; Mount Sinai
> West, 1000 10th Avenue, New York , NY 10019 - a hospital medical center under
> the Equal opportunity Employment Act, incorporated under the laws of the United
> States of America, State Constitution including the regulatory laws of the New
> York State (NY.gov) Department of Health and the State of New York (NY.gov)
> office of Mental Health where regulations, consistent with the law, are in effective
> and requires the hospital to uphold the law where it is incorporated, Mount Sinai
> health System- mount Sinai West, 1000 Tenth Avenue New York NY 10019
> (Hospital President - Mr. Flatlow, mount Sinai West, Mount Sinai Health System)

(*Id.*)

In the complaint, Plaintiff refers to his interaction with police officers from the New York

City Police Department ("NYPD"):

> allegations were made from municipal officers, NYPD Officer Testani (22305)
> and NYPD Officer Soto (Patrol Partner/Passegner) (NYPD Officers not
> dispatched by 911 Dispatch service, 'hailed down' by single indivdual constiuent,
> plaintiff/petitoner at or around 9:30pm 6.28.2024 on 63rd street, from Lincoln
> Center/ PJ Clarke's -63rd Street),

(*Id.*)

Plaintiff names the following government entities and individuals as defendants: (1) the

Unified Court System ("USC") of the State Of New York, a New York State courthouse, and the

State of New York; (2) the Chief Judge of the State of New York and a New York State

Administrative Judge; (3) a New York State Chief Clerk; and (4) the United States Government.

He does not describe any injuries or the relief he seeks.

## DISCUSSION

The Court dismisses the claims brought against the named defendants because they are

all immune from liability. The Court also dismisses the complaint for failure to state a claim on

which relief may be granted. To the extent Plaintiff seeks relief, based on what appears to be his

involuntary hospitalization, he does not state facts suggesting that any defendant is liable for his

hospitalization. In light of Plaintiff's *pro se* status, however, the Court grants him 30 days to file an amended complaint.

## A.    The Court Dismisses the Named Defendants Because They Are Immune

### 1.    New York State and Arms of the State

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *see also Murray v. Thompson*, No. 17-CV-7004, 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018) (a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

Plaintiff's claims against the USC, the New York State courthouse, and the State of New York are barred by the Eleventh Amendment. Accordingly, the Court dismisses the claims brought against these defendants under the Eleventh Amendment.

### 2.    New York State Judges

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d

47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

To the extent Plaintiff brings claims against the two judicial officers named in the complaint, the Chief Judge of the State of New York and a New York State Administrative Judge, based on ongoing proceedings before either of them, he fails to allege any facts showing that either judicial officer acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See, e.g.*, *Peker v. Steglich*, 324 F. App'x 38, 40 (2d Cir. 2009) (citing *Rosenstein v. State*, 37 A.D.3d 208, 208–09, 829 N.Y.S.2d 93 (1st Dep't 2007) (concluding that alleged wrongdoing of administrative judges, court officers, and clerks in "transferring and rescheduling" landlord/tenant dispute was cloaked with judicial immunity)).

The Court therefore dismisses Plaintiff's claims against the Chief Judge of the State of New York and a New York Administrative Judge under the doctrine of judicial immunity.

3.    New York State Chief Clerk

Absolute judicial immunity has been extended to "some officials who are not judges but who perform functions closely associated with the judicial process." *Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir. 1987) (citation and internal quotation marks omitted). Courts have held that quasi-judicial immunity applies to other individuals when they are "performing discretionary

acts of a judicial nature." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). Court clerks, for example, are immune from suit "for performance of tasks which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). In addition, court clerks "are absolutely immune from suit for 'functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court.'" *Garcia v. Hebert*, No. 08-CV-0095, 2013 WL 1294412, at \*12 (D. Conn. Mar. 28, 2013) (quoting *Humphrey v. Court Clerk for the Second Circuit*, No. 5:08-CV-0363, 2008 WL 1945308, at \*2 (N.D.N.Y. May 1, 2008)).

To the extent Plaintiff brings claims against a New York State Chief Clerk, based on conduct arising from an ongoing matter, nothing in the complaint suggests that such conduct is not judicial in nature; therefore, it is protected by absolute immunity. The Court dismisses the claims brought against this defendant under the doctrine of judicial immunity.

4.    United States Government

Sovereign immunity bars federal courts from hearing suits against the federal government unless its sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Federal agencies also generally enjoy this sovereign immunity. *See Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). The Court therefore dismisses the claims brought against the United States Government under the doctrine of sovereign immunity.

**B.    The Complaint Fails to State a Claim**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

6

544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow

the Court to draw the inference that the defendant is liable for the alleged misconduct. In

reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Court does not have to accept as true

"[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely

possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint does not include sufficient factual allegations to comply with Rule

8. For example, it is unclear from the complaint whether Plaintiff seeks to bring claims related to

his hospitalization or if he intends to bring this action against the NYPD officers mentioned in

the body of the complaint. Because Plaintiff does not state any facts in support of a claim against

a non-immune defendant, he fails to state a claim on which relief may be granted, and the Court

dismisses the complaint on this basis. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid claim, the Court grants Plaintiff 30 days' leave to amend the

complaint to detail the claims. Should Plaintiff file an amended complaint, he must sign the

pleading and include his real name in the caption of the complaint and on the signature page.

If Plaintiff does not file an amended complaint within the time allowed, the Court will

direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. The Court also

dismisses the claims against the defendants under the Eleventh Amendment and the doctrines of

judicial and sovereign immunity.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to hold this matter open on the docket until

judgment is entered.

SO ORDERED.

Dated:    January 2, 2025
          New York, New York

　　　　　　　　　　　　　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　Chief United States District Judge